UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES L. ORRINGTON, II, and <br> JAMES L. ORRINGTON, II D.D.S., PC, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | Case No. 22 C 645 |
| v. | ) <br> ) | Judge Jorge L. Alonso |
| HUMANADENTAL INSURANCE <br> COMPANY, and <br> HUMANA INC., | ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

## ORDER

The Court *sua sponte* dismisses plaintiffs' complaint [1] without prejudice for want of jurisdiction. Plaintiffs are granted 28 days to file an amended complaint that adequately alleges a basis for this Court's jurisdiction, lest this case be dismissed. Plaintiffs' motion [6] for leave to file an amended complaint under seal is denied.

## STATEMENT

Every federal court has an obligation to ensure that it has jurisdiction over the cases before it. *Scott Air Force Base Prop., LLC v. County of St. Clair Ill.*, 548 F.3d 516, 520 (7th Cir. 2008). Plaintiffs assert that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). That section grants jurisdiction where the amount in controversy exceeds $75,000.00 and the case is between "citizens of different States." 28 U.S.C. § 1332(a)(1).

Plaintiffs have adequately alleged that the amount in controversy exceeds $75,000.00. Plaintiffs have also adequately alleged the citizenship of defendants. Specifically, plaintiffs have alleged that defendant HumanaDental Insurance Company is a Wisconsin corporation with a principal place of business in Wisconsin. (Complt ¶ 3). It is therefore a citizen of Wisconsin. 28 U.S.C. § 1332(c)(1). Plaintiffs have alleged that Humana Inc. is a Delaware corporation with a principal place of business in Kentucky. (Complt. ¶ 4). It is therefore a citizen of Delaware and Kentucky.

Plaintiffs have adequately alleged the citizenship of the corporate plaintiff but not of the individual plaintiff. Plaintiffs allege plaintiff James L. Orrington, II D.D.S., PC is an Illinois corporation with a principal place of business in Illinois. With respect to plaintiff James L. Orrington, II, however, plaintiffs allege he "resides" in Illinois. (Complt. ¶ 1). "Citizenship depends not on residence but on domicile, which means the place where a person intends to live in the long run." *RTP LLC v. ORIX Real Estate Capital, Inc.*, 827 F.3d 689, 692 (7th Cir. 2016).

"We have been told by authority we are powerless to question that when the parties allege residence but not citizenship, the only proper step is to dismiss the litigation for want of jurisdiction." *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992). Plaintiffs have not adequately alleged the citizenship of James L. Orrington, II.

Because plaintiffs have not included sufficient allegations from which the Court can determine whether it has jurisdiction over this case, the Court dismisses plaintiffs' complaint without prejudice for want of jurisdiction. The Court grants plaintiffs 28 days in which to file an amended complaint, lest this case be dismissed.

Next, plaintiffs have filed a motion for leave to file under seal. Plaintiffs would like to file an amended complaint under seal, because it would be embarrassing to them to detail the allegations that support plaintiffs' claim for defamation. That is not sufficient grounds for filing a document under seal.

Litigation in federal courts is presumptively public, and people who "call on the courts . . . must accept the openness that goes with subsidized dispute resolution." *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 567-68 (7th Cir. 2000) ("Many a litigant would prefer that the subject of the case—how much it agreed to pay for the construction of a pipeline, how many tons of coal its plant uses per day, and so on—be kept from the curious (including its business rivals and customers), but the tradition that litigation is open to the public is of very long standing."). "[O]nly trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence . . . is entitled to be kept secret." *Baxter Int'l v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002). A party asking a court to seal documents must show that the documents meet the standard of *Baxter* and *Union Oil*. *See In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010) ("Because the motions to seal do not contend that the standards of *Baxter* and *Union Oil* have been satisfied, they are denied.") (internal citations omitted). Here, plaintiffs have not shown that the standards of *Baxter* and *Union Oil* are met, so their motion for leave to file under seal is denied.

SO ORDERED.  ENTERED: February 8, 2022

_____
JORGE L. ALONSO
United States District Judge