UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES L. ORRINGTON, II and ) <br> JAMES L. ORRINGTON, II D.D.S., P.C., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> HUMANA DENTAL INSURANCE ) <br> COMPANY and HUMANA INC., ) <br> ) <br> Defendants. ) | Case No. 1:22-cv-00645 |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendants Humana Dental Insurance Company and Humana Inc. (collectively "Humana"), by and through its attorneys, Falkenberg Ives LLP, respectfully move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiffs' Second Amended Complaint. In support therefore, Humana states as follows:

**INTRODUCTION**

Plaintiffs' Second Amended Complaint ("complaint") alleges five claims against Humana purportedly based on a complaint Humana submitted to the Illinois Department of Financial and Professional Regulation ("IDFPR"). In short, Plaintiffs allege that the IDFPR complaint was factually baseless and maliciously motivated. Plaintiffs' complaint falls far short of alleging any plausible claim against Humana and the complaint should be dismissed in its entirety.

*First*, all five of Plaintiffs' claims should be dismissed because Plaintiffs fail to allege even the most basic elements of each of their purported claims for relief. Specifically, Plaintiffs fail to allege what false statements Humana made to the IDFPR to support their claims for defamation and commercial disparagement. Plaintiffs further fail to allege any abuse of legal process. Lastly,

Plaintiffs fail to allege extreme and outrageous conduct to support their claim for intentional infliction of emotional distress.

*Second*, Plaintiffs' claims for defamation *per se* and defamation *per quod* should also be dismissed because any statement Humana made to the IDFPR is protected by an absolute privilege. The IDFPR is a quasi-judicial body and the complaint to the IDFPR is, at the very least, a preliminary step to a quasi-judicial proceeding. Accordingly, statements made in Humana's complaint to the IDFPR are absolutely privileged.

## FACTUAL ALLEGATIONS

Plaintiffs filed their initial complaint against Humana on February 4, 2022 and subsequently filed an Amended Complaint under seal on February 4, 2022. The Court *sua sponte* dismissed Plaintiffs' complaint without prejudice for want of jurisdiction on February 8, 2022. (Dkt. 8.) Plaintiffs then filed a Second Amended Complaint on February 8, 2022.[1] Plaintiffs base their claims on a complaint Humana filed with the IDFPR in 2020 which Plaintiffs claim was baseless and retaliatory.

Specifically, Plaintiffs allege that Humana and Plaintiffs participated in two acrimonious phone calls in or around mid-2019 wherein Humana attempted to direct their performance of professional duties in regard to the treatment of a Humana member, JW, and threatened to withhold payment for services if Plaintiffs did not adhere to Humana's directives. (Dkt. 9 at ¶¶ 16, 17, 19, 26.) They further allege that they were terminated from Humana's network of providers in August 2019, for cause, and based on professional infractions related to the rendering of dental services to Humana member JW. (*Id.*, ¶ 14.) Plaintiffs allege that Humana rescinded the for-cause termination

---

[1] For purposes of this Motion only, Humana assumes the truth of the facts asserted in the Complaint. Humana does not admit the truth of Plaintiffs' allegations or waive any factual or legal defense it may have after discovery in this action.

on October 7, 2019 and communicated to them on December 6, 2019 that Humana was terminating Plaintiffs from Humana's network without cause. (*Id.*, ¶ 21.)

Plaintiffs allege that Humana then filed a complaint with the IDFPR in 2020 regarding Plaintiffs' billing practices. (*Id.*, ¶ 22.) They further allege that they have not been able to obtain a copy of the complaint from Humana or the IDFPR. (*Id.*) Nevertheless, Plaintiffs allege that Humana's complaint to the IDFPR was factually baseless because Orrington has adhered to proper and ethical billing practices and his rendering of dentistry services has been highly competent. (*Id.*, ¶¶ 29, 30.) Plaintiffs further allege that Humana's complaint to the IDFPR was prompted by retaliatory and malicious motivations because of the two "acrimonious communications" between Orrington and Humana. (*Id.*, ¶ 34.)

Plaintiffs allege that the IDFPR notified them that it would hold a hearing on June 9, 2021 with respect to allegations of misconduct resulting in Plaintiffs' termination from all Humana lines of business. (*Id.*, ¶ 23.) Plaintiffs allege a hearing was held before the IDFRP on June 9, 2021 and that no further actions have been taken by the IDFPR to date. (*Id.*, ¶¶ 24, 25.)

Plaintiffs allege that Humana's complaint to the IDFPR and its termination of Plaintiffs from Humana's network were retaliatory actions motivated by a desire to cause Plaintiffs financial and reputational injury. (*Id.*, ¶ 27.) They further allege that their professional liability insurance carrier terminated their insurance coverage as a result of Humana's complaint to the IDFPR. (*Id.*, ¶ 35.) Finally, Plaintiffs allege that they have received price quotes from other insurance carriers that are thousands of dollars higher per year than the price they were paying their former insurance carrier, that Plaintiffs had to pay for an extension period under their prior insurance policy, and that Plaintiffs had to pay to retain counsel to represent them in connection with the defense of the IDFPR proceedings. (*Id.*, ¶¶ 36-38.)

Plaintiffs assert five claims against Humana, all based on the foregoing operative facts: defamation *per quod* (Count I); defamation *per se* (Count II); commercial disparagement (Count III); abuse of process (Count IV); and intentional infliction of emotional distress (Count V). Plaintiffs' complaint should be dismissed in its entirety because Plaintiffs to fail to state any claim for relief that is plausible on its face.

## ARGUMENT

The Court should dismiss Plaintiffs' Second Amended Complaint for failure to state a claim under Rule 12(b)(6) "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 588 (2007). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must state a claim to relief that is plausible on its face. *Id*. at 570. "A claim has facial plausibility when the plaintiffs plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The court accepts as true all of the plaintiff's factual allegations, but conclusory allegations merely restating the elements of a cause of action do not receive this presumption." *Twombly*, 550 U.S. at 557.

**I.  Counts I and II of Plaintiffs' Second Amended Complaint Should Be Dismissed Because Plaintiffs Fail To State A Claim for Defamation *Per Quod* and Defamation *Per Se***

Plaintiffs allege two claims for defamation against Humana, a claim for defamation *per quod* in Count I and a claim for defamation *per se* in Count II. Plaintiffs' defamation claims must be dismissed because Plaintiffs fail to plead the key substantive elements of a claim for defamation *per quod* and defamation *per se*. Further, Counts I and II must be dismissed because any purported statement made by Humana is absolutely privileged.

4

### A. Plaintiffs Fail to Plead the Basic Elements of a Defamation Claim

To state a defamation claim under Illinois law, plaintiffs must allege that the defendant made a false statement about the plaintiff, that the defendant made an unprivileged publication of that statement to a third party, and that the publication caused damages. *Board of Forensic Document Examiners, Inc. v. American Bar Association*, 922 F.3d 827, 831 (7th Cir. 2019). Dismissal is proper where a plaintiff fails to allege what purported false statements were made and when they were made. *See Esparza v. S.R. Barnum, Inc.*, No. 19-cv-06231, 2021 WL 1784755, at *2. (N.D. Ill. May 5, 2021) (dismissing plaintiff's defamation claim where plaintiff only alleged that defendant made false statements but didn't allege what the false statements were or when they were made); *Mitchell v. Plano Police Department*, No. 16-cv-07227, 2017 WL 4340118, at *6 (N.D. Ill. Sept. 29, 2017) (dismissing defamation claim where plaintiff merely restated the first legal element of defamation and did not allege any particular statement).

Plaintiffs allege "upon information and belief" that Humana made factually false statements to the IDFPR. (Dkt. 9 at ¶ 40.) Plaintiffs do not allege what statements were purportedly made to the IDFPR or when specifically those statements were made. Plaintiffs merely allege in conclusory fashion that Humana made false statements. Thus, Plaintiffs fail to allege the most basic element of a claim for defamation. On that basis alone, Counts I and II must be dismissed.

### B. All Purported Statements Humana Made to the IDFPR are Privileged

Counts I and II should also be dismissed because Humana's purported statements to the IDFPR are protected by an absolute privilege. An absolute privilege extends to reports to administrative agencies that act in a judicial or quasi-judicial capacity and the IDFPR is an administrative agency that acts in a quasi-judicial capacity.

An absolute privilege "provides complete immunity from civil action, even though the statements may have been made with malice, because public policy favors the free and unhindered flow of such information." *Layne v. Builders Plumbing Supply Co., Inc.*, 569 N.E.2d 1104, 1106 (Ill. App. Ct. 1991). An "absolute privilege extends to proceedings by administrative agencies which act in a judicial or quasi-judicial capacity." *Barakat v. Matz*, 648 N.E.2d 1033, 1039 (Ill. App. Ct. 1995). The privilege extends to "testimony given before administrative agencies, as well as communications to administrative agencies, when these agencies are performing a judicial function." *Parrillo, Weiss & Moss v. Cashion*, 537 N.E.2d 851, 854 (Ill. App. Ct. 1989). Indeed, "[s]tatements 'necessarily preliminary' to judicial or quasi-judicial proceedings are among the statements protected by the absolute privilege." *Layne*, 569 N.E.2d at 1106.

The IDFPR is unquestionably a quasi-judicial entity – and the statements Humana purportedly made to the IDFR are absolutely privileged – for four reasons.

*First*, a court in this District has considered this precise issue and concluded that the IDFPR is a quasi-judicial body. *See Quiroz v. Hartgrove Hospital*, No. 97 C 6515, 199 WL 281343, at *17 (N.D. Ill. Mar. 24, 1999). In *Quiroz*, an employee initiated a complaint with the IDFPR alleging sexual harassment against a co-worker. *Id.* at *6. The court determined that the IDFPR is a quasi-judicial body and held that the statements made in the complaint to the IDFPR were absolutely privileged. *Id.*

*Second*, the IDFPR constitutes a quasi-judicial body under the test set forth by Illinois courts. In *Parrillo*, the court held that the Illinois Department of Insurance is a quasi-judicial entity and that defendant's letter to the Director of the DOI accusing plaintiff law firm of defending certain lawsuits in a manner that constituted a blatant and ongoing scandal to be absolutely privileged. *Parrillo*, 537 N.E. 2d 851, 854. In doing so, the court identified six powers that

differentiate a quasi-judicial body from a body that is merely performing an administrative function:

> (1) the power to exercise judgment and discretion;
>
> (2) the power to hear and determine or to ascertain facts and decide;
>
> (3) the power to make binding orders and judgments;
>
> (4) the power to affect the person or property rights of private persons;
>
> (5) the power to examine witnesses, to compel the attendance of witnesses, and to hear the litigation of issues on a hearing; and
>
> (6) the power to enforce decisions or impose penalties.

*Id.* At 854-55. To be deemed quasi-judicial, an agency "need not possess all six powers; however, the more powers it possesses, the more likely the body is acting in a quasi-judicial manner." *Id.* at 855.

By statute, the IDFPR possesses all six powers the court identified in *Parrillo*. *See, e.g.* 20 ILCS 2105/2105-15; 20 ILCS 2105/2105-100; 20 ILCS 2105/2105-105. These powers include, among others, the power to take disciplinary action, to investigate complaints, to hold hearings and consider evidence, to issue subpoenas, and to compel the production of documents relevant to its investigations or hearings. Thus, there can be no doubt the IDFPR is a quasi-judicial body.

*Third*, Illinois courts have determined that agencies similar to the IDFPR are quasi-judicial. For example, in *Lykowski v. Bergman*, 700 N.E. 2d 1064, 1070-71 (Ill. App. Ct. 1998), the court upheld the dismissal of a defamation claim based on statements made to the Attorney Registration and Discipline Commission ("ARDC"), which is the substantial equivalent of the IDFPR for attorneys. The court reasoned:

> We agree that Bergman possess an absolute privilege allowing him to make defamatory statements to the ARDC concerning attorney Lykowski's

7

>alleged professional misconduct. Although there is apparently some disagreement on the issue among various jurisdictions concerning whether a preliminary complaint to an agency such as the ARDC should be protected by an absolute privileged, the better view, in our judgment, is that an absolute privilege exists for any statements made during any step preliminary and necessary to a judicial or quasi-judicial proceeding. [citations omitted.] Such a privilege provides a complete bar to any claim alleging defamation, regardless of the speaker's motive or the unreasonableness of his conduct. This assures that individuals are in no way discouraged from lodging complaints with the appropriate disciplinary authorities. Thus, we conclude that statements made to the ARDC regarding attorney misconduct, no matter how false or outrageous, are simply beyond the reach of a civil complaint alleging libel.

*Id.* at 1071. Other quasi-judicial entities include the Supreme Court's Character and Fitness Committee, the Equal Employment Opportunity Commission, the Board of Appeals of Cook County, and the Chicago Board of Election Commissioners. *See generally Adco Services, Inc. v. Billiard*, 628 N.E.2d 772, 775 (Ill. App. Ct. 1993).

*Fourth*, public policy dictates that the absolute privilege extend to statements made to the IDFPR. The IDFPR has been entrusted to "serve, safeguard, and promote the health, safety, and welfare of the public by ensuring that licensure qualifications and standards for professional practice are properly evaluated, applied, and enforced." *See* https://www.idfpr.com/DPR.asp. The duties of the IDFPR would certainly be more difficult if parties could not freely communicate with the IDFPR. The public should have a right to raise concerns with the IDFPR without fear of an action for defamation. Humana's complaint to the IDFPR is precisely the type of communication the absolute privilege is designed to protect.

In sum, any statement that Humana made to the IDFPR is protected by an absolute privilege. The IDFPR is a quasi-judicial body and Humana's complaint to the IDFPR is a necessary preliminary step to a quasi-judicial proceeding. Consequently, the Court must dismiss Counts I and II of Plaintiffs' Second Amended Complaint.

### II. Count III For Commercial Disparagement Should Be Dismissed Because Plaintiffs Do Not Allege Any Statement Humana Purportedly Made

Count III purports to allege a cause of action for commercial disparagement.[2] However, similar to Plaintiffs' defamation claims, Plaintiffs fail to allege anything more than a conclusory statement that Humana made false and demeaning statements. Accordingly, the Court should dismiss Count III.

To state a claim for commercial disparagement, plaintiffs must show that Humana made "false and demeaning statements regarding the quality of another's goods and services." *Schivarelli v. CBS, Inc.*, 776 N.E.2d 693, 702 (Ill. App. Ct. 2002); *Marchese v. Dobry*, No. 00 C 5606, 2001 WL 492471, at *2 (N.D. Ill. May 9, 2001). Plaintiffs' complaint contains no such allegations. As described above in regard to Plaintiffs defamation claims, Plaintiffs fail to allege any false and demeaning statements that Humana purportedly made about Plaintiffs to the IDFPR or otherwise. Plaintiffs merely allege that Humana made false and demeaning statements to the IDFPR regarding the quality of Plaintiffs dentistry services. These allegations are simply bare legal conclusions and not sufficient to survive a motion to dismiss. *See* Marchese, 2001 WL 492471, at *2 (dismissing claim where plaintiff failed to allege what disparaging statements regarding his goods and services were made). As such, Count III should be dismissed.

### III. Count IV Should Be Dismissed Because Plaintiffs Fail To State A Claim For Abuse Of Process

Plaintiffs attempt to allege a claim for common law abuse of process in Count IV of the Second Amended Complaint. However, Plaintiffs fail to allege that Humana used the court's process to accomplish some result beyond the purview of the process. In fact, Plaintiffs do not

---

[2] Humana notes that it is disputed as to whether commercial disparagement remains a viable cause of action in Illinois. *See Schivarelli v. CBS, Inc.*, 776 N.E.2d 693, 702 (Ill. App. Ct. 2002); *Imperial Apparel, Ltd. v. Cosmo's Designer Direct*, 853 N.E.2d 770, 781 (Ill. App. Ct. 2006). For purposes of this motion only, Humana assumes the claim remains viable under Illinois and does not waive any right to assert that the claim is not recognized under Illinois law.

allege that Humana used the court's process at all, and instead, base their claim on Humana submission of a complaint to the IDFPR.

Abuse of process is the "misuse of process to accomplish some purpose outside the scope of the process itself." *Neurosurgery and Spine Surgery, S.C. v. Goldman*, 790 N.E.2d 925, 929 (Ill. App. Ct. 2003). The tort of abuse of process is not favored under Illinois law, and thus, the elements must be strictly construed. *Id.* at 929-930. An abuse of process claim requires proof of two elements: (1) existence of an ulterior motive or purpose; and (2) some act in the use of legal process not proper in the regular prosecution of the proceedings." *Slep-Tone Entertainment Corporation v. Kalamata, Inc.*, 75 F.Supp.3d 898, 908 (N.D. Ill. 2014).

To satisfy the first element, a plaintiff must plead facts that show that the defendant instituted proceedings against him for an improper purpose, such as extortion, intimidation, or embarrassment. *Neurosurgery and Spine Surgery, S.C.*, 790 N.E.2d at 930. However, the mere institution of a suit for improper purpose does not itself constitute an abuse of process. *Id.* Indeed, the second element is the gravamen of the claim. *Id.*

With respect to the second element, "[p]rocess is not used here in the general sense—as in 'the legal process' of suing someone, prosecuting the case, receiving judgment, etc." *Rubloff Development Group, Inc. v. SuperValu, Inc.*, 863 F.Supp.2d 732 (N.D. Ill. 2012). Instead, "process is used in the literal, legal sense of something issued by the court…under its official seal." *Id.* Accordingly, to prove the second element, plaintiffs must allege that Humana "used the court's process to accomplish some result beyond the purview of the process or to compel the party against whom it is used to do some collateral thing that it could not legally be compelled to do." *Slep Tone Entertainment Corp.*, 75 F.Supp.2d at 909. "An action for abuse of process does not exist unless there is some improper use of the process of the court." *Id.*

Plaintiffs do not make a single allegation in their Second Amended Complaint that Humana used the court's process in any manner. Thus, Plaintiffs have failed to allege the key element of an abuse of process claim. Count IV must be dismissed on that basis alone.

Further, even if Plaintiffs' could bring an abuse of process claim based on Humana's submission of a complaint to the IDFPR, Plaintiffs' still fail to allege a plausible claim for relief. Plaintiffs' allegation that Humana submitted the complaint to the IDFPR for improper purposes is not sufficient to allege a claim against Humana for abuse process. There must be some allegation that the purposed abuse of process was used to accomplish some result beyond the purview of the process itself. Here, Plaintiffs allege that Humana submitted a complaint to the IDFPR. Plaintiffs further allege that the IDFPR notified them it would be holding a hearing and then subsequently held that hearing. Plaintiffs do not allege that Humana did anything after the complaint was filed or otherwise used the complaint and hearing process to achieve some ulterior purpose. Again, the mere institution of proceedings, even with a malicious motive, does not itself constitute abuse of process. Accordingly, the Court should dismiss Count IV of the Second Amended Complaint.

### IV. Count V Should Be Dismissed Because Plaintiffs Fail To Allege Extreme And Outrageous Behavior

Plaintiffs purport to allege a claim for intentional infliction of emotional distress in Count V of the Second Amended Complaint. However, Plaintiffs have not sufficiently alleged extreme and outrageous conduct. Thus, the Court should dismiss Count V.

To state a claim for intentional infliction of emotional distress, a plaintiff must establish that (1) the defendant's conduct was truly extreme and outrageous; (2) the defendant intended to inflict severe emotional distress (or knew that there was at least a high probability that its conduct would cause severe emotion distress); and (3) defendants conduct did in fact causes severe emotional distress. *Gross v. Chapman*, 475 F.Supp.3d 858, 863 (N.D. Ill. 2000). "Courts may

dismiss an IIED claim if the alleged conduct is not sufficiently extreme and outrageous." *Metro. All. of Police v. Ne. Illinois Reg'l Commuter R.R. Corp.*, No 18-cv-02468, 2020 WL 814870, at *5 (N.D. Ill. Feb. 19, 2020). "[T]o qualify as outrageous, the nature of the defendant's conduct must be so extreme as to go beyond all possible bounds of decency and be regarded as intolerable in a civilized society." *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 82 (Ill. 2003). Illinois courts have limited recovery on this tort to victims of only the most intolerable conduct. *Poulos v. Village of Lindenhurst*, No. 00 C 5603, 2002 WL 31001876, at *17 (N.D. Ill. Sept. 3, 2002).

Plaintiffs allege that Humana's actions in filing a baseless complaint with the IDFPR, failing to conduct a reasonable investigation into the matter, not raising the matter with Orrington in any way prior to filing said complaint, and refusing to provide Orrington with a copy of the complaint constitute extreme and outrageous conduct on the part of Humana (Dkt. 9 at ¶ 64.) It can hardly be said that the mere filing of a complaint with the IDFPR is conduct that is so extreme as to go beyond all possible bounds of decency. Plaintiffs' allegations simply do not rise to the level of outrageousness required to state a claim for intentional infliction of emotional distress. Therefore, Count V should be dismissed.

## CONCLUSION

For all of the foregoing reasons, Defendants Humana Dental Insurance Company and Humana Inc. respectfully requests that the Court dismiss Plaintiffs Second Amended Complaint in its entirety and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

FALKENBERG IVES LLP

By: *Kirstin B. Ives*
    One of the attorneys for Defendants

12

Kirstin B. Ives
Falkenberg Ives LLP
230 W. Monroe, Suite 2200
Chicago, IL 60606
Telephone: (312) 566-4803
kbi@falkenbergives.com